IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN R. JONES, Register No. 186930, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4232-CV-C-SOW |
| | ) | |
| ELIZABETH CONLEY, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and it was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

A number of motions are pending, but this report, recommendation and order will address only the motions for default judgment and appointment of counsel.

On April 22, May 5 and July 6, 2009, plaintiff filed motions for default judgment to be entered against Richard Smith, M.D. The return of service for Dr. Richard C. Smith indicates he was served with process in December 2008. He did not respond to the complaint; a motion for default was filed; and the court issued an order directing Dr. Smith to show cause why default should not be entered. Dr. Smith responded to the court's order and stated service of process was made on his receptionist; he has never treated, met or known John R. Jones; he has never treated any patient in Missouri, whether incarcerated or not; he practices orthopedic medicine in Florida and is not licensed in Missouri; and he does not provide the kind of medical treatment referenced in the complaint with regard to plaintiff. Dr. Smith states the complaint has been served upon the wrong Richard C. Smith and asks that he be dismissed from the lawsuit.

After receiving Dr. Smith's response, plaintiff again sought the entry of default judgment on the basis that Dr. Smith did not include his medical license number to verify that he was not the doctor who performed the surgery in 2001.

Notwithstanding the court's concern that plaintiff's claim against the doctor who performed surgery in 2001 may be barred by the applicable statute of limitations, Dr. Smith submitted a notarized response and clearly stated he had not performed surgery or practiced medicine in Missouri. Plaintiff has submitted no conflicting evidence; thus, default judgment is not warranted, and the claims against Richard C. Smith, M.D., of Ocoee, Florida, should be dismissed.

On April 23, 2009, plaintiff also requested appointment of counsel. Plaintiff's previous requests for appointment of counsel have been denied and plaintiff has not shown a change in circumstances since that time. Further, there are pending motions to dismiss. If plaintiff's claims survive the pending motions and other dispositive motions after discovery has been completed, he may resubmit his request. It is noted plaintiff previously had counsel appointed for claims substantially similar or identical to the ones in this case, and voluntarily dismissed those claims. The court is reluctant to appoint second counsel under such circumstances unless it is clear the case will proceed to trial.

Accordingly, it is

ORDERED that plaintiff's motion of April 23, 2009, for appointment of counsel is denied, without prejudice. [66] It is further

RECOMMENDED that plaintiff's motions of April 22, May 5 and July 6, 2009, for default judgment be denied, and that Richard C. Smith, M.D., of Ocoee, Florida, be dismissed as a defendant in this case. [63, 68, 72]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 4th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge