# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN R. JONES, Register No. 186930, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 08-4232-CV-C-SOW |
| | ) |
| ELIZABETH CONLEY, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the court are two motions to dismiss and plaintiff's responses. Defendants McNutt and Neal assert plaintiff's claims against them are barred by the applicable statute of limitations. Plaintiff responds that the statute of limitations does not bar his claims because Missouri's Savings Statute, Mo. Ann. Stat. § 516.230 (West 2002), applies.[1]

As background information, the court notes that in September 2004, plaintiff filed suit in this court against numerous individuals alleging deliberate indifference to his need for medical treatment while housed within the facilities of the Missouri Department of Corrections. See Jones v. Lamour, No. 04-4225 (W.D. Mo. 2006). Counsel was appointed to assist him, an amended complaint was filed, and a trial date was scheduled. In August 2006, however, plaintiff voluntarily dismissed the case, without prejudice. Instead of refiling his case, he filed a motion in August 2007 to reopen the old case, which was denied in September 2007. Plaintiff was told he could file a new case if he desired to pursue his claims. He was not told that filing a new case would alter any limitations period, and not all of the claims in Jones v. Lamour were barred at that time.

Approximately a year later, in July 2008, plaintiff filed a new complaint in the United States District Court for the Eastern District of Missouri. See Jones v. Conley, No. 08-1115 (E.D. Mo. 2008). The Eastern District dismissed the case, but subsequently reopened it and

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

transferred it to this district after plaintiff submitted an amended complaint. The Eastern District treated the amended complaint as a motion for leave to amend and deferred ruling to the Western District.

The amended complaint did not encompass all of the defendants and claims set forth in the original complaint. Thus, this court treated the amended complaint as an addition to the original complaint so that all defendants and claims set forth in the two documents could be considered. Although the court indicated the amendment would be treated as a supplemental complaint, it was not the court's intent to restrict the new filing to events that had occurred after the filing of the original complaint. See Fed. R. Civ. P. 15(d).

Plaintiff was granted leave to proceed in forma pauperis and service of process was either made or waived for several of the defendants. Thereafter, defendants McNutt and Neal filed motions to dismiss.

In this case, plaintiff alleges defendants were deliberately indifferent to his medical needs and some of the defendants retaliated against him for filing grievances related to his medical care. In the original complaint filed with the Eastern District, plaintiff alleged defendant Dr. McNutt was head of the surgery team in 2001. He stated that during the surgical placement of a Greenfield filter, McNutt observed and failed to prevent actions that caused plaintiff severe pain and permanent damage. The amended complaint, submitted to the Eastern District on August 25, 2008, does not list Dr. McNutt as a defendant or contain allegations against him. Thus, the only claims against defendant McNutt are in the original complaint and relate to actions taken in 2001.

Under Wilson v. Garcia, 471 U.S. 261, 276 (1985), the Missouri five-year personal injury statute of limitations applies to section 1983 claims. Chandler v. Presiding Judge, Callaway County, 838 F.2d 977 (8th Cir. 1988); Farmer v. Cook, 782 F.2d 780 (8th Cir. 1986). The Missouri Savings Statute, Mo. Ann. Stat. § 516.230, permits the filing of a new action within one year after a previous case has been voluntarily dismissed, provided the original action was filed within the relevant statute of limitations period.

Plaintiff's first case, filed in 2004, within the proper limitations period, was voluntarily dismissed in August 2006, and was not reopened. Thus, plaintiff had until August 2007 to file a second suit under the Savings Statute. Plaintiff did not initiate the current lawsuit until July

2

2008. Accordingly, his claims against defendant McNutt relating to events occurring in 2001 are barred by the statute of limitations and should be dismissed. The Savings Statute does not apply because plaintiff did not file this case by August 2007.

Defendant Durwood Neal also seeks dismissal of the claims against him because they are barred by the statute of limitations and allege only negligence rather than deliberate indifference. Defendant cites the statute of limitations for medical malpractice, which is two years, rather than the five-year statute applied to section 1983 claims. The difference, however, is not dispositive.

In his current complaints, plaintiff does not assert when Dr. Neal treated him, but he refers to one injection given by Neal. He makes no other allegation against Dr. Neal. Plaintiff opposes dismissal on the basis of the statute of limitations, and asserts he has stated a claim against defendant Neal.

In reply, defendant Neal states that plaintiff's complaint in Jones v. Lamour, No. 04-4225, claims the injection was given in June 2003. Further, plaintiff's amended complaint in the 2004 case dropped defendant Neal as a defendant and a court order clarifying the record to dismiss Dr. Neal was entered on June 13, 2006. The five-year statute of limitations for plaintiff's claim against defendant Neal would have run in June 2008, which was five years after the injection. Plaintiff did not file this case until July 2008, which is after the proper time for filing. The Savings Statute does not apply to give plaintiff additional time, because he did not file the current case within one year after his first case was dismissed. Therefore, the claims against defendant Neal should be dismissed because they are barred by the applicable statute of limitations.

Further, plaintiff has not set forth facts which would show defendant Neal was deliberately indifferent to plaintiff's serious medical needs. Plaintiff states in the current complaints that the injection caused an erection or swelling to his penis that lasted for twelve hours, causing severe pain and distress. The court takes judicial notice that in his previous complaint in Jones v. Lamour, No. 04-4225, Doc. 1, plaintiff states an erection had to be chemically induced to perform a test, the erection was painful and lasted for 18 hours, and Dr. Neal gave him a counter-reaction drug. Plaintiff claims defendant used an improper dose of medication to induce the erection, but this allegation is, at most, one of negligence.

3

It is well settled negligence is not actionable under 42 U.S.C. § 1983.  Negligent injury to an inmate by prison officials does not constitute a Fourteenth Amendment violation.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986).  It is also not an Eighth Amendment violation.  "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests and safety."  Whitley v. Albers, 475 U.S. 319 (1986).  See also Wells v. Walker, 671 F. Supp. 624, 627 (E.D. Ark. 1987), aff'd, 852 F.2d 368 (8th Cir. 1988).

If plaintiff is attempting to include a state law medical malpractice claim, that claim is barred by the statute of limitations.

For these reasons, it is

RECOMMENDED that defendant Donald McNutt's motion of November 18, 2008, be granted and plaintiff's claims against defendant McNutt be dismissed, with prejudice. [26]  It is further

RECOMMENDED that defendant Durwood E. Neal, Jr.'s, motion of December 3, 2008, be granted and plaintiff's claims against defendant Neal be dismissed, with prejudice. [30]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 6th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge