# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN R. JONES, Register No. 186930, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4232-CV-C-SOW |
| ) | |
| ELIZABETH CONLEY, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Before the court are a motion to dismiss filed by some of the defendants, and motions for medically prescribed boots and to compel filed by plaintiff.[1] Defendants Elizabeth Conley, M.D., Tymber Spray, Donita Tressner and Correctional Medical Services, Inc., request dismissal of plaintiff's supplemental complaint and all of the claims against them as improper, time-barred, frivolous, and because they fail to state a claim for relief.

As background information, the court notes that in September 2004, plaintiff filed suit in this court against numerous individuals alleging deliberate indifference to his need for medical treatment while housed within the facilities of the Missouri Department of Corrections. See Jones v. Lamour, No. 04-4225 (W.D. Mo. 2006). Counsel was appointed to assist him, an amended complaint was filed, and a trial date was scheduled. In August 2006, however, plaintiff voluntarily dismissed the case, without prejudice. Instead of refiling his case, he filed a motion in August 2007 to reopen the old case, which was denied in September 2007. Plaintiff was told he could file a new case if he desired to pursue his claims. He was not told that filing a new case would alter any limitations period, and not all of the claims in Jones v. Lamour were barred at that time.

Approximately a year later, in July 2008, plaintiff filed a new complaint in the United States District Court for the Eastern District of Missouri. See Jones v. Conley, No. 08-1115

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

(E.D. Mo. 2008). The Eastern District dismissed the case, but subsequently reopened it and transferred it to this district after plaintiff submitted an amended complaint. The Eastern District treated the amended complaint as a motion for leave to amend and deferred ruling to the Western District.

The amended complaint did not encompass all of the defendants and claims set forth in the original complaint. Thus, this court treated the amended complaint as an addition to the original complaint so that all defendants and claims set forth in the two documents could be considered. Although the court indicated the amendment would be treated as a supplemental complaint, it was not the court's intent to restrict the new filing to events that had occurred after the filing of the original complaint. See Fed. R. Civ. P. 15(d).

Defendants Conley, Spray, Tessner and CMS first seek dismissal on the basis that Rule 15(d) pertaining to supplemental complaints does not permit plaintiff to add new parties or new claims. Plaintiff is proceeding pro se, and he did not call his document a supplemental complaint. It was the court who inadvertently used that term. Instead, the court should have stated that the amended complaint and original complaint in this case would be treated as one combined document. Dismissal on the procedural grounds relative to Rule 15 is not warranted.

Plaintiff's complaint includes allegations related to events and medical care that occurred prior to July 28, 2003. Defendants state these claims are barred by the statute of limitations.

Under Wilson v. Garcia, 471 U.S. 261, 276 (1985), the Missouri five-year personal injury statute of limitations applies to section 1983 claims. Chandler v. Presiding Judge, Callaway County, 838 F.2d 977 (8th Cir. 1988); Farmer v. Cook, 782 F.2d 780 (8th Cir. 1986). The Missouri Savings Statute, Mo. Ann. Stat. § 516.230, permits the filing of a new action within one year after a previous case has been voluntarily dismissed, provided the original action was filed within the relevant statute of limitations period.

Plaintiff's first case, filed in 2004, within the proper limitations period, was voluntarily dismissed in August 2006, and was not reopened. Thus, plaintiff had until August 2007 to file a second suit under the Savings Statute. Plaintiff did not initiate the current lawsuit until July 2008. Accordingly, his claims relating to medical care and events occurring prior to July 28,

2003, are barred by the statute of limitations and should be dismissed. The Savings Statute does not apply because plaintiff did not file this case by August 2007.

Defendants next assert plaintiff's claims should be dismissed because defendants have been sued in their official capacities, and because plaintiff has not alleged a custom or policy of defendant CMS which resulted in unconstitutional actions by the other defendants. Plaintiff did not specifically respond to the motion to dismiss on this basis, but the document he titled as an amended complaint clearly states that CMS had a custom or policy of not properly treating or monitoring his medical needs. At this stage in the proceedings, plaintiff's allegations are sufficient to allow him to proceed against defendant CMS.

The court-approved Section 1983 complaint form does not require plaintiffs to state whether defendants are sued in their individual or official capacities. Plaintiff's pleading, submitted by counsel in the prior suit, Jones v. Lamour, No. 04-4225 (W.D. Mo. 2006), states defendants are sued in their individual and official capacities so the court will assume plaintiff intended both capacities in this case, particularly since plaintiff also seeks prospective injunctive relief.

Nevertheless, based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989). Thus, plaintiff's damage claims against defendants in their official capacities should be dismissed.

On December 17, 2008, plaintiff filed a motion for an order to compel the provision of medically prescribed boots and inserts that he paid for and that are being withheld by defendants. Plaintiff asserts that he fell in November 2008 as a result of the poor condition of his current medical boots.

Defendants respond that plaintiff has a pair of medically prescribed boots and inserts, and that they have not denied him medical boots or inserts that he has paid for. The documents plaintiff submitted appear to show plaintiff paid for medical boots in November 2007. A December 2007 receipt suggests the boots may have been sent by plaintiff to Mid-Missouri Orthotics and Prosthetics, but the documents do not definitively show what was sent or whether

3

they were returned to the institution.  Defendants state they do not have the boots and have not withheld them.

Plaintiff's motion will be considered as a request for preliminary injunctive relief. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue.  American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980).  See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985).  In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff asserts that he fell in November 2008 and that his current boots are medically unsafe.  Plaintiff gives details about events that occurred in the past but does not clearly state that he has recently seen medical personnel, requested the boots, and been denied them.  Further, defendants state they have not withheld the boots, so it is possible there is a problem with the

4

boots unrelated to the defendants or plaintiff's medical treatment - such as safety and security concerns. Plaintiff should make an appointment with his treating physician, show the physician his current boots, and ask the physician to check on the status of the boots plaintiff claims he paid for if plaintiff has not received them. Additionally, someone should check with custody personnel to see if the boots were returned or are being withheld for reasons other than plaintiff's medical condition. If that is the case, some communication between custody and medical personnel should be initiated to see if a solution can be found.

Defendants state plaintiff is not entitled to a second pair of boots, and the court is not ruling on that issue. Nevertheless, plaintiff may be entitled to a pair of medically functional boots and someone with proper training should evaluate whether his current boots are medically functional.

The concern with plaintiff's request for preliminary injunctive relief is not with what has occurred in years past, but with plaintiff's current status as it relates to his claims in this case. The current record does not show a need for court intervention at this time, but the court does believe that some inquiry should be made at the institution.

On February 2, 2009, plaintiff filed a motion to compel access to accident reports to support his request for injunctive relief. At this stage in the proceedings, the court accepts plaintiff's assertion that his boots caused his fall in November 2008. If a hearing on preliminary injunctive relief is determined to be necessary, plaintiff may renew his request for a copy of the accident reports.

Accordingly, it is

ORDERED that plaintiff's motion of February 2, 2009, to compel production of documents is denied, without prejudice. [46] It is further

RECOMMENDED that defendants' motion of December 15, 2008, to dismiss the claims against defendants Tymber Spray, Donita Tressner, Elizabeth Conley, M.D., and Correctional Medical Services, Inc., be (1) granted with respect to plaintiff's official capacity damage claims against defendants Spray, Tressner and Conley, and on all claims against defendants Spray, Tressner, Conley and Correctional Medical Services, Inc., relating to events and medical care which occurred prior to July 28, 2003; and (2) denied in all other respects. [32] It is further

5

RECOMMENDED that plaintiff's motion of December 17, 2008, for preliminary injunctive relief related to the provision of medical boots be denied. [34]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge